UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELISSA FABER KEMM, et al.,**

    **Plaintiffs,**

v.                                                                              Case No.: 8:08-CV-299-T-30EAJ

**ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

Before the court are Defendant's **Amended Motion to Compel Deposition Testimony of Gene Odom, Esquire, and Unopposed Motion to Extend Discovery Deadlines** (Dkt. 30) and Plaintiffs' **Response to Defendant's Amended Motion to Compel** (Dkt. 33).

**Background**

On January 31, 2005, Plaintiff Lawrence Kemm and Albert Lonon ("Lonon") were involved in a traffic accident (Dkt. 3 at 2). At that time, Plaintiffs, Lawrence Kemm, Margaret Kemm, and Melissa Kemm ("the Kemms"), were insured by Defendant for bodily injury liability coverage up to $10,000 (Id. at 2). Lonon subsequently filed a claim against the Kemms (Id.). After Lonon sent a settlement demand letter to Defendant, Lonon rejected Defendant's response to his settlement offer, allegedly due to the release language that Defendant proposed as part of the settlement agreement (Dkt. 3 at 3-4; Dkt. 30 at 2). Eventually, the claim settled, with Lonon, the Kemms, and Defendant entering into an agreement for the entry of a consent judgment of $300,000 in favor of Lonon against the Kemms (Id. at 5). On February 8, 2008, Plaintiffs filed an amended complaint in the instant case alleging that Defendant insurance company had acted in bad faith in handling

Lonon's claim (Id.).

Non-Party Gene Odom, Esq. ("Odom") represented Lonon in the underlying tort suit (Dkt. 30 at 2). On April 15, 2009, Defendant deposed Odom concerning Lonon's settlement demand letter and Lonon's reasons for rejecting Defendant's response to the settlement offer (Dkt. 30 at 2). Odom declined to answer the following question, asserting the work-product doctrine and a relevancy objection:

> Question: Mr. Odom, why was it important to you or your client that no parties in addition to the, quote, unquote, "insured" be on that release?
>
> Objection: And, again, that would invade the privilege . . . . The motivations of the claimant and his attorney in the determination of the terms of the demand are deemed by me not to be the issue to be tried in this case. As such, neither Mr. Lonon nor his attorney will be explaining to the jury why or what was the significance of it was of the various terms of a demand and why wasn't the counteroffer acceptable, okay? None of that will be . . . within the scope of what we will present evidence on.

(Dkt. 30-2 at 47). The parties agreed to adjourn Odom's deposition to obtain the court's ruling on the appropriateness of Plaintiffs' objections (Id. at 47-48).

Defendant seeks to question Odom regarding his motives and conduct during settlement negotiations because an understanding of the terms of the settlement demand letter is crucial to this case (Id. at 5-6). If the questioning posed by Defendant invokes the work-product doctrine, Defendant argues Odom should be compelled to testify because his testimony is "highly relevant" and Defendant has a "substantial need" for the information to prepare its case (Id. at 7).

In response, Plaintiffs contend that an attorney's mental impression, including his opinions and thought processes, are protected by the work-product doctrine (Dkt. 33 at 14-18). Plaintiffs further assert that the focus in a bad faith claim is not on the actions of the claimant but rather on the conduct of a carrier in fulfilling its duties and obligations. As such, Plaintiffs maintain Odom's

motives and behavior are irrelevant to this litigation (Id. at 17-19). In addition, Plaintiffs requests a protective order regarding Odom's testimony and an order prohibiting Defendant from eliciting or introducing evidence at trial related to the mental impressions of Odom (Id. at 19).

**Discussion**

While Rule 501, Fed. R. Evid., provides that Florida law of privilege governs in federal diversity cases, the work-product doctrine is a limitation on discovery in federal cases and federal law provides the primary decisional framework. Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, 201 (M.D. Fla. 1990); Mendez v. Unitrin Direct Prop. & Cas. Ins. Co., No. 8:06-CV-563-T-24MAP, 2006 WL 4449538, at *2 (M.D. Fla. Dec. 8, 2006) (applying Rule 26(b)(3) to determine whether documents developed for underlying suit were protected work-product in subsequent bad-faith suit).[1]

Rule 26, Fed. R. Civ. P., provides work-product protection to "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Rule 26(b)(3)(A), Fed. R. Civ. P. Where a party seeks information other than documents or tangible things, such as testimony, the courts must look to Hickman v. Taylor, 329 U.S. 495, 510-11 (1947), for guidance. Stern v. O'Quinn, 253 F.R.D. 663, 674 (S.D. Fla. 2008). The party asserting the work-product privilege bears the burden of demonstrating its applicability. Auto Owners, 135

---

[1] In support of its motion to compel, Defendant cites the Florida work-product doctrine and an unpublished order in Sanh Ngoc Do v. Allstate Insurance Co., No. 8:07-CV-2304-T-23EAJ (M.D. Fla. Dec. 11, 2008)(unpublished) (Dkt. 30 at 4-7). In Do, the undersigned affirmed the conclusion reached in Auto Owners that federal law controls in determining whether materials developed for underlying state suit are protected work-product. Thus, to the extent the parties disagree on whether federal or state work-product doctrine applies in resolving this discovery issue, the court holds that federal law governs.

3

F.R.D. at 201.

Contrary to Plaintiffs' assertions, Rule 26(b)(3) does not protect the information sought in Defendant's question. First, Rule 26 does not apply to this inquiry because Defendant does not seek "documents and tangible things." <u>See</u> Rule 26(b)(3)(A), Fed R. Civ. P. Indeed, Odom has already provided Defendant with copies of the settlement letters at issue (Dkt. 30, Exhibits E, G). Defendant is seeking Odom's testimony regarding his motives and behavior during settlement negotiations in the underlying case.

Second, Rule 26(b)(3) protects materials "as long as they were prepared by or for a party to the subsequent litigation." <u>FTC v. Grollier</u>, 462 U.S. 19, 25 (1983). Odom is not a party to this suit. Moreover, on June 5, 2009, the parties filed a stipulation for the voluntary dismissal of Lonon's claim against Defendant (Dkt. 43). The district court granted the stipulation and Lonon is no longer a party to this litigation (Dkt. 60). In addition, there is no evidence that the desired information was prepared for the Kemms. Thus, Odom is not entitled to assert the work-product doctrine, at least under Rule 26(b)(3), in response to Defendant's discovery request. <u>See</u> <u>e.g.</u> <u>Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.</u>, 233 F.R.D. 678, 681 (M.D. Fla. 2006)("It is well settled that ordinarily, the work-product doctrine does not shield from discovery documents created by third-parties").

This is not to say that in all instances a non-party must produce alleged work-product. Rule 26(c), Fed. R. Civ. P., allows a court to limit discovery upon a showing of "good cause" to do so. Consequently, "a number of courts have recognized the potential of this rule for protecting a non-party from any unfair prejudice that might be occasioned by the compelled disclosure of what would otherwise qualify as work product." <u>Ramsey v. NYP Holdings, Inc.</u>, No. 00 Civ.3478(VM)(MHD),

2002 WL 1402055, at *7 (S.D. N.Y. June 27, 2002). Here, however, Plaintiffs' conclusory assertion does not establish good cause for this court to limit discovery through issuance of a protective order.

Furthermore, there is no merit to Plaintiffs' contention that Odom's testimony is irrelevant to this litigation. Although it is true that the focus of an insurance bad faith case is on the conduct of the insurer, not the insured, under the totality of circumstances test the conduct of the insured may be relevant in specific instances. See generally Mendez v. Unitrin Direct Prop. & Cas. Ins. Co., No. 8:06-CV-563-T-24MAP, 2007 WL 2696795, at *3-4 (M.D. Fla. Sept. 12, 2007). For example, the motives and conduct of an insured and his attorney may be relevant to the issues of whether the insured precluded the insurer from fully investigating the claim and whether the insured precluded the insurer from ever having a reasonable opportunity to settle a claim. Geico Cas. Co. v. Beauford, No. 8:05-CV-697-T-24-EAJ, 2007 WL 2412953, at * 1 (M.D. Fla. Aug. 21, 2007).

Here, Odom's motives and conduct during the settlement discussions are relevant and discoverable in addressing whether the insurer had a reasonable opportunity to settle the underlying claim.[2] "In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." Berges v. Infinity Ins. Co., 896 So. 2d 665, 680 (Fla. 2004). Because these circumstances include the existence of a realistic possibility of settlement, evidence of conduct by an underlying claimant's counsel during settlement negotiations may be relevant and admissible. See Mendez, 2007 WL 2696795, at *3-4; Barry v. Geico Gen. Ins. Co., 938 So. 2d 613, 618 (Fla. 4th DCA 2006).

Plaintiffs assert that Mendez is distinguishable because in that case there was no clearly

---

[2] Whether this evidence may be admitted at trial is a separate issue. All that needs to be shown at this stage is that the information sought meets the test for discoverable information under Rule 26(b), Fed.R.Civ. P. The information at issue here meets this test.

manifested settlement offer. The presence of a clearly manifested settlement offer does not relieve the trier of fact, under the circumstances present in this case, from determining whether the possibility of settlement was realistic. Thus, Odom's testimony concerning the motives behind Plaintiffs' demands during settlement negotiations is relevant, discoverable, and is not protected by the work-product doctrine protecting mental impressions of an attorney.

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Defendant's **Amended Motion to Compel Deposition Testimony of Gene Odom, Esquire, and Unopposed Motion to Extend Discovery Deadlines** (Dkt. 30) is **GRANTED**. Odom shall answer questions regarding the motives behind Plaintiffs' demands during settlement negotiations. The fact discovery deadline is extended for the limited purpose of conducting Odom's deposition. The deposition shall be conducted within twenty (20) days of the date of this order. The parties are directed to confer as to a mutually agreeable date, time, and place to conduct the deposition.

**DONE** and **ORDERED** in Tampa, Florida on this 7th day of July, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge